**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LANCE SAKOWSKI, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC; and NEWREZ LLC, d/b/a Shellpoint Mortgage Servicing, <br><br> Defendants. | Case No. 25-cv-11283 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lance Sakowski ("Plaintiff") brings this putative class action against Defendants Trans Union, LLC ("TransUnion") and Newrez LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. Before the Court now is TransUnion's motion [32] to dismiss the Amended Complaint [26]. For the reasons stated herein, TransUnion's motion to dismiss [32] is granted in part and denied in part.

## I. Background

The following factual allegations taken from the operative complaint [26] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). The Court recounts only the facts necessary to resolve TransUnion's motion.

1

Plaintiff is a resident of New Jersey who, during the relevant period, owned a home. [26] ¶¶ 5, 9. On or around April 2020, Plaintiff entered into a COVID forbearance agreement with Shellpoint, the agency that services his mortgage. *Id*. ¶¶ 9, 10. The agreement was set to terminate on September 30, 2021. *Id*. ¶ 11. As that date drew nearer, Plaintiff advised Shellpoint that he would have difficulty making payments. *Id*. Plaintiff and Shellpoint then entered into a loan modification (the "Modification"). *Id*.

Pursuant to the Modification, Plaintiff was required to make a lesser payment for three months, from November 2021 through January 2022 (the "Trial Period"). *Id*. ¶ 12. After that point, the Modification would become permanent. *Id*. Plaintiff paid the lesser amount in accordance with the Modification throughout the Trial Period. *Id*. ¶ 13. Despite Plaintiff's compliance, Shellpoint began credit reporting Plaintiff as late during the Trial Period. *Id*. ¶¶ 14, 15.

Plaintiff noticed this credit reporting error in late 2023 and early 2024 while applying for credit. *Id*. ¶ 16. Plaintiff disputed the information with Shellpoint, but Shellpoint continued to report the error. *Id*. ¶ 17.

Plaintiff also disputed the information with TransUnion, a credit reporting agency ("CRA"). *Id*. ¶ 18. Plaintiff alleges that in response, TransUnion forwarded the dispute to Shellpoint. *Id*. ¶ 19. Shellpoint then allegedly advised TransUnion that Plaintiff had entered into the Modification and Plaintiff had met his payment obligations under the Modification during the Trial Period. *Id*. ¶ 20. Plaintiff also alleges, in the alternative, that after TransUnion forwarded the dispute to Shellpoint,

2

TransUnion "failed pursuant to its standard policies and practices to provide a means for Shellpoint to advise it that Plaintiff was in a partial payment plan between November 2021 and January 2022, which Plaintiff was paying on, as agreed." *Id*. In either circumstance, Plaintiff alleges that TransUnion continued to report him as delinquent for the months comprising the Trial Period.

Experian[1], another CRA, allegedly reported Plaintiff's partial payments during the Trial Period accurately. *Id*. ¶ 24. Like TransUnion, Experian reported that Plaintiff was late on his payments during the Trial Period, but Experian also included a note that he was paying under an agreed partial payment plan during the relevant time. *Id*.

In December of 2024, LexisNexis Risk Solutions, Inc. ("LexisNexis")[2] prepared a consumer report about Plaintiff for Capital One after Plaintiff applied for credit. *Id*. ¶ 32. The LexisNexis report indicated that Plaintiff failed to make his required mortgage payments during the Trial Period, and Capital One denied Plaintiff's credit application. *Id*. ¶¶ 32, 33.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank*

---

[1]Experian is not a party to this action.

[2]LexisNexis was originally named as a defendant in this action but was voluntarily dismissed by Plaintiff. [75].

*Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III. Analysis

### A. Overview

Plaintiff brings one count against TransUnion alleging violations of the FCRA. [26] ¶¶ 52–59. Within that count, Plaintiff alleges that TransUnion violated two

4

separate statutory provisions: (1) 15 U.S.C. § 1681e(b), which requires that CRAs follow reasonable procedures to assure maximum possible accuracy of information in credit reports, and (2) 15 U.S.C. § 1681i, which obligates CRAs to conduct a reasonable reinvestigation if a customer disputes a credit report's accuracy. *Id.*; *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 566–67 (7th Cir. 2021). Plaintiff also alleges that TransUnion violated 15 U.S.C. § 1681n, which provides for special damages against a defendant who willfully fails to comply with any requirements imposed by the FCRA. [26] ¶ 59.

The parties' arguments regarding § 1681e(b) and § 1681i overlap to a large degree and rely on sharply diverging readings of the Seventh Circuit's recent decision in *Chaitoff v. Experian*, so the Court begins there. Like Plaintiff here, Chaitoff was a homeowner who fell behind on his mortgage payments. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023). Ocwen, the agency responsible for servicing Chaitoff's mortgage, began reporting him as delinquent. *Id.* He entered into a forbearance plan in August 2016, which allowed him to make low payments on his mortgage and avoid foreclosure. *Id.* He then entered into a trial period plan (the "TPP"). *Id.* Under the terms of the TPP, Chaitoff was required to make reduced monthly payments, and after its completion he would no longer be delinquent. *Id.*

Chaitoff's TPP required that he make three reduced monthly payments in May, June, and July of 2017; those payments would be credited to his earlier delinquent months. *Id.* at 810. Chaitoff and Ocwen agreed that Ocwen "would continue to report the delinquency status of [Chaitoff's] loan to credit reporting agencies as well as [his]

5

entry into a [TPP] in accordance with the requirements of" the FCRA. *Id*. Chaitoff made the required payments, and the loan was modified accordingly. *Id*. Chaitoff sold that home and later tried to obtain a mortgage on another home. *Id*. When he was denied, he discovered that Experian had reported him as delinquent until August 2017 without mentioning the existence of the TPP. *Id*. Chaitoff requested that Experian update his report to include the TPP, but Experian declined. *Id*.

Chaitoff sued Experian, bringing a claim under §§ 1681e(b) and 1681i. *Id*. Chaitoff argued that Experian violated both sections by (1) reporting him as delinquent from May through July of 2017, and (2) failing to report the existence of the TPP. *Id*. at 810–812. The district court granted summary judgment to Experian on both counts. *Id*.

As to the first argument, the Seventh Circuit held that because Chaitoff's payments during the TPP went towards *earlier* unpaid months, "Experian's reporting of those three months as delinquent was accurate beyond any doubt." *Id*. at 811. As to the second, however, the Seventh Circuit held that Experian's "omission of Chaitoff's TPP was a misleading factual inaccuracy that can give rise to liability" under § 1681e(b). *Id*. at 816. The Seventh Circuit nonetheless affirmed judgment for Experian on the § 1681e(b) claim because Experian's reliance on the initial information it received from Ocwen was reasonable beyond dispute. *Id*. As to the § 1681i claim, however, the Seventh Circuit reversed, explaining that there were questions of fact about the reasonableness of Experian's procedures *after* Chaitoff put Experian on notice of an inaccuracy in his report. *Id*. at 816–818.

6

### B. Scope of § 1681e(b) and § 1681i

The parties disagree about whether § 1681e(b) can only give rise to liability if a CRA fails to take reasonable steps to ensure the accuracy of a credit report *before* the consumer raises a dispute, or if § 1681e(b) also covers a CRA's processes *after* a dispute arises. TransUnion argues that § 1681e(b)'s mandate stops once a consumer raises a dispute, and Plaintiff takes the opposite view. At least some courts in this district are split on the issue. *See Young v. Experian Information Solutions, Inc.*, 776 F. Supp. 3d 721, 739 (N.D. Ill. Mar. 31, 2025) (adopting TransUnion's view); *Crump v. Carrington Mortg. Servs., LLC*, No. 18 C 2302, 2019 WL 118490, at *6–7 (N.D. Ill. Jan. 7, 2019) (adopting Plaintiff's).

As the Court reads *Chaitoff*, TransUnion has the right of it. *Chaitoff* affirmed judgment for Experian on the plaintiff's § 1681e(b) claim because Experian was justified in relying on the information it received from the furnisher in the first instance. 79 F.4th at 816. After Chaitoff disputed the report, the Seventh Circuit's inquiry analyzed the reasonableness of Experian's procedures under § 1681i. *See id.* at 816–19. And based on Experian's post-dispute procedures, the Seventh Circuit reversed the award of judgment to Experian. *Id.* If a CRA's post-dispute procedures were relevant to a claim under § 1681e(b), as Plaintiff argues, there would be no reason for the *Chaitoff* court to have treated § 1681e(b) and § 1681i differently. Accordingly, the Court holds that "the § 1681e(b) inquiry concerns the steps the CRA takes *before* consumers dispute the accuracy or completeness of the report; the matter of the CRA's reasonableness in responding *after* a consumer has pointed out an

7

inaccuracy is considered under the 'reasonable reinvestigation' provision, § [1681i]." *Young*, 776 F. Sup. 3d at 739 (granting summary judgment to CRA on a § 1681e(b) claim but denying judgment on a § 1681i claim based on the CRA's post-dispute procedures) (emphasis in original).

### C. Plaintiff fails to state a claim under § 1681e(b)

TransUnion argues that Plaintiff's § 1681e(b) claim fails because (1) its credit report did not contain inaccurate information and (2) even if it did, TransUnion reasonably relied on the information that it received from Shellpoint.

The first argument falls flat. TransUnion relies almost exclusively on the Seventh Circuit's statement in *Chaitoff* that Experian's report identifying Chaitoff as delinquent was "accurate beyond any doubt." 79 F.4th at 811. But the Seventh Circuit did not stop there; it went on to say Experian's failure to identify the TPP in its report could "give rise to liability under § 1681e(b)," which "command[s] . . . maximal accuracy." *Id.* at 816. Plaintiff's Amended Complaint here is based on TransUnion's "omi[ssion of] any reference to Plaintiff's involvement in a trial period and/or mortgage modification . . . ." [26] ¶ 25. Just as Experian's failure to reference the TPP rendered its report on Chaitoff inaccurate, the Amended Complaint plausibly alleges that TransUnion's failure to reference Plaintiff's Trial Period and Modification rendered *its* report inaccurate.[3]

---

[3]TransUnion argues at length that its report was *not* inaccurate because the relevant industry reporting guidelines require only that TransUnion include in its report a "special comment code" reflecting the Trial Period *while the Trial Period is in effect. See* [52] at 2–4. In its telling, TransUnion was thus only required to report the existence of the Trial Period in any credit reports prepared between November 2021 and January 2022; after that point, TransUnion argues it had no obligation to include the special comment code or any other reference to the Trial Period or Modification. The

But that does not necessarily mean that Plaintiff has stated a claim under § 1681e(b) against TransUnion. TransUnion can only face liability if it failed to follow reasonable practices to ensure its report was accurate. Section 1681e(b) "does not hold a [CRA] responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004). Plaintiff alleges that "Shellpoint *began credit reporting* Plaintiff as late during the three-month period as 30, 60, and 90 days late." [26] ¶ 14 (emphasis added). Plaintiff did not dispute the accuracy of the report until *after* TransUnion reported Plaintiff as delinquent based on Shellpoint's representations. *Id.* ¶¶ 16–18.

In other words, Plaintiff alleges that *prior* to Plaintiff's disputes, TransUnion faithfully reported the information it received from Shellpoint. And Plaintiff has alleged no facts supporting an inference that TransUnion could not reasonably rely on the information it received from Shellpoint. Because Section 1681e(b) covers only the reasonableness of a CRA's procedures *before* it receives a dispute, Plaintiff's Section 1681e(b) claim fails.

### D. Plaintiff has stated a claim under Section 1681i

Recall that § 1681i covers the reasonableness of *re*investigation procedures that a CRA employs *after* it receives a dispute. Because a CRA "that has been notified of

---

Court declines to consider this argument at the pleadings stage because it relies on facts outside the Amended Complaint and documents that are not incorporated into the Amended Complaint. *See* [24]. It is also difficult to square this argument with *Chaitoff*, where the Seventh Circuit stated that "a credit report that omits a TPP is not accurate." 79 F.4th at 816.

potentially inaccurate information in a consumer's credit report is in a very different position than one who has no such notice," *Chaitoff*, 79 F.4th at 817, TransUnion cannot (and does not) argue that Plaintiff's § 1681i claim fails because TransUnion was justified in relying on the information it received from Shellpoint.

Instead, TransUnion argues that Plaintiff's Section 1681i claim fails because the information TransUnion reported was accurate. For the reasons discussed above, the Court rejects this argument and finds that Plaintiff has adequately alleged TransUnion reported inaccurate information by failing to include a reference to the Modification and Trial Period. And because this is the only argument TransUnion makes in response to Plaintiff's Section 1681i claim, that claim survives dismissal.

### E. Whether TransUnion acted willfully cannot be resolved at the pleadings stage

Finally, the Court turns to Plaintiff's allegation that TransUnion willfully violated the FCRA. Section 1681n provides that one who "willfully" fails to comply with the FCRA's requirements may be liable for special statutory damages, punitive damages, and reasonable attorney's fees. 15 U.S.C. § 1681n(a). "Willfulness may be established by showing that the defendant knew that its actions violated an FCRA requirement or acted in reckless disregard as to whether its actions violated an FCRA requirement." *Taylor v. Screening Reports, Inc.*, No. 13 C 02886, 2015 WL 4052824, at *6 (N.D. Ill. July 2, 2015). Courts in this district generally decline to resolve questions regarding the *mens rea* of an FCRA defendant at the pleadings stage. *Asufrin v. Roundpoint Mortg. Servicing Corp.*, No. 15 C 9077, 2016 WL 1056669, at *5 (N.D. Ill. Mar. 17, 2016) (collecting cases).

10

Here, Plaintiff alleges that TransUnion continued to inaccurately report Plaintiff as delinquent despite Plaintiff's multiple disputes. [26] ¶ 21. More discovery is needed into what procedures TransUnion undertook in its reinvestigation after receiving those disputes. Accordingly, the Court declines to dismiss Plaintiff's claim that TransUnion willfully violated the FCRA.

## IV.    Conclusion

For the stated reasons, TransUnion's Motion to Dismiss [32] is granted in part and denied in part. Plaintiff's claims under Sections 1681i and 1681n survive.

E N T E R:

Dated: August 3, 2026

MARY M. ROWLAND
United States District Judge

11